# W. H. Dodge *v.* Nashville, C. & St. L. Ry. Co.*

## (*Knoxville.* September Term, 1919.)

1. **BAILMENT.** ''Ordinary care'' required of bailee for hire.

A bailee for hire is required to exercise only "ordinary care" in keeping and caring for property deposited with him that care which a capable and reasonably prudent person, engaged in the same business, is accustomed to exercise. (*Post, pp.* 26-28.)

Cases cited and approved: Terry v. So. Ry., 81 S. C., 279; Piedmont Mfg. Co. v. Columbia & G. R. Co., 19 S. C., 353; Dunbar v. Port Royal & A. R. Co., 36 S. C., 110; Hill v. Georgia, C. & N. R. Co., 43 S. C., 462.

Cases cited and distinguished: Swift & Co. v. Memphis, etc., Co., 128 Tenn., 82; Healy v. New York Central & H. R. R. Co., 153 App. Div., 516.

2. **BAILMENT.** Limitation of liability for goods in railroad check rooms.

In the absence of notice of a stipulation printed upon check given him limiting the liability of the railroad, one checking a parcel at a railroad checking room is not bound by such limit, where the goods are negligently lost, not being chargeable by merely receiving the numbered check with notice of such printed stipulation. (*Post, pp.* 28, 29.)

3. **BAILMENT.** Liability of railroad for loss of parcel in check room.

In receiving baggage for deposit at a check room in a station, a railroad holds itself out as a bailee for hire and is liable for negligent loss of a parcel checked. (*Post, p.* 30.)

---

*The question of liability of carrier for loss of property while in check room, is discussed in notes in 18 L. R. A. (N. S.), 295, and 29 L. R. A. (N. S.), 834.

FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. W. B. Garvin, Chancellor.

Martin & Trimble, for appellant.

Brown, Spurlock & Brown, for appellee.

Mr Justice Hall delivered the opinion of the Court.

The bill in this cause was filed by the complainant against the defendant in the chancery court of Hamilton county to recover the sum of $224.50, the alleged value of a suit case and its contents, which the complainant deposited with the defendant at its parcel or check room in its station at Chattanooga, Tenn., and which suit case and contents were not returned to the complainant.

Upon the hearing of the cause the chancellor rendered a decree in favor of the complainant and against the defendant for the amount sued for and costs. From this decree the defendant appealed to the court of civil appeals, and assigned a single error.

By that assignment it was insisted that the chancellor erred in decreeing that complainant was entitled to recover the sum of $224.50, because the uncontradicted proof showed that, upon depositing his suit case with the defendant at its check room, it issued to him a

receipt, which expressly limited defendant's liability, in the event of the loss of, or damage to, the property, to the sum of $10, and it was insisted by defendant that because of this limitation, which was a part of the contract with complainant, it was not liable to him in an amount exceeding $10.

This assignment of error was overruled by the court of civil appeals, and the decree of the chancellor was affirmed. The cause is now before this court upon the defendant's petition for writ of *certiorari*, which has heretofore been granted, and the cause has been duly and carefully considered upon the errors assigned in said petition and brief accompanying the same to the action of the court of civil appeals in affirming the decree of the chancellor.

The facts presented by the record are uncontroverted and are substantially as follows: On March 6, 1917, complainant and his wife were passing through the city of Chattanooga en route from Florida to their home in Cincinnati. They were compelled to lay over in Chattanooga for a few hours waiting for the train which was to carry them to their destination. Complainant carried a suit case, the contents of which consisted of both ladies' and gentlemen's wearing apparel, a watch and chain and several other small articles of jewelry. The undisputed value of the suit case was $6, and its contents $218.50. The defendant maintained in its station or depot, for the convenience of the public and for profit to itself, a parcel or check room at which persons were invited to deposit their baggage for safe-keeping; the defendant making the small charge of 10 cents for each 24 hours that the baggage remained on

deposit in said check room. Upon receiving baggage from a person desiring to deposit same in its check room,- defendant issued to such person a numbered check and placed a duplicate or corresponding numbered check upon the piece of baggage so deposited, and upon the subsequent demand of the owner of the baggage and the presentation of the numbered check, which he held, his baggage was identified and delivered to him.

Upon arriving at Chattanooga, complainant presented his suit case at the window of the defendant's check room to be checked, paid the fee of 10 cents, and a numbered check was issued to him by the young lady in charge. A few hours after having left the suit case in the check room, the complainant returned, presented the numbered check which had been given him, and asked the young lady in charge for his suit case. Upon making an examination, the young lady, who, it is admitted, was the servant and agent of the defendant, discovered that she had previously surrendered the suit case to some other person for a check different in number from that held by the complainant, and different from the duplicate that was attached to the complainant's suit case. The number of complainant's check was 19853. The evidence discloses that the young lady in charge of the check room surrendered the complainant's suit case to the holder of check number 19653. On the face of the check issued to the complainant was printed the following in red letters:

"Notice.—Not responsible for an amount to exceed ten dollars on any article covered by this check."

As before stated, it was the contention of the defendant in the court of civil appeals, and it is the sole con-

tention made here, that the above-quoted provision became a part of the contract between complainant and defendant, and was a valid limitation of the defendant's liability for the loss of said suit case to the amount therein stipulated. So the question to be determined by this court is whether said limitation is valid and binding upon the complainant. If it is, then the complainant is only entitled to recover for his suit case and contents the sum of $10. Otherwise he is entitled to recover the full value of the property lost, which, the undisputed proof shows, was $224.50.

It is insisted by the defendant that its liability, under the contract of deposit, was that of a bailee or warehouseman only, and that it had the right to restrict its liability for the property so deposited, in case of loss or damage, to the amount stipulated on the face of the check.

This insistence is grounded upon the holding of the supreme court of South Carolina, reported in *Terry* v. *So. Ry.*, 81 S. C., 279, 62 S. E., 249, 18 L. R. A. (N. S.), 295. It makes no question as to its liability for the stipulated $10.

That case involved the liability of the railroad company for the value of a suit case and its contents, which had been received by its servant at its station room in Spartanburg for safe-keeping, for which it issued to the plaintiff a numbered check or receipt, upon which was printed the following:

"The party accepting this check hereby agrees, in consideration of the low rate at which it is issued, that no claim in excess of ten dollars ($10) shall be made against the railroad company for loss of, or injury

to any package, valise, or other article, which may have been deposited with it, and for which this ticket has been issued. W. H. Tayloe, General Passenger Agent.''

The printing on the check also provided that a charge of 10 cents should be paid by the person depositing his baggage with the defendant for each 24 hours or fraction thereof that it should remain with the defendant. The plaintiff's suit case was lost while in the possession of the defendant under said deposit contract, and was never recovered by the plaintiff. In an action by the plaintiff to recover the value of said suit case and its contents, the supreme court of South Carolina had the following to say:

''There can be no doubt of defendant's liability. . . . It is equally clear the liability was limited to $10 as stated in the receipt. We are not called on to decide whether a common carrier is bound to have a higher and lower freight rate, and express that a limitation of the amount of its liability for goods is in consideration of the lower rate, in order to make a contract for such limitation of liability valid. That point is not involved, for respondent's counsel well concedes the keeping of a room for the deposit of parcels is not a part of the business of a common carrier; and that the defendant, as to packages received therein, contracted as a warehouseman. As such warehouseman, in receiving the goods, it had a right to contract for the limitation of the amount of its liability in case of loss, and the receipt expressing such limitation was binding on the owner of the goods''—citing *Piedmont Mfg. Co.* v. *Columbia & G. R. Co.,* 19 S. C., 353; *Dunbar* v. *Port Royal & A. R. Co.,* 36 S. C., 110, 15 S. E., 357,

31 Am. St. Rep., 860; *Hill* v. *Georgia, C. & N. R. Co.,* 43 S. C., 462, 21 S. E., 337.

The facts of that case do not show that the plaintiff did not have notice, either express or implied, of the limitation printed on the check at the time his suit case was left with the defendant for safe-keeping, and is not, therefore, decisive of the question presented in the instant case.

We think the question of notice is a very important one, and is controlling of the question presented for determination.

The complainant testified that nothing was said to him by the young lady in charge of the defendant's check room concerning the limited liability clause printed on the check given him, and that his attention was not called to said stipulation. While he does not expressly say so, we think it is inferable from the complainant's testimony that he did not read or know of the statement printed on the check until after the loss was discovered.

A bailee for hire is required to exercise only "ordinary care" in keeping and caring for property deposited with him—that care which a capable and reasonably prudent person engaged in the same business is accustomed to exercise. *Swift & Co.* v. *Memphis, etc., Co.,* 128 Tenn., 82, 158 S. W., 480; *Claypool* v. *Patrick,* 6 App. Cas., 457.

That the loss of the complainant's suit case and its contents was due to the negligence of the defendant's servant is conceded by its counsel.

In C. J., vol. 6, 1112, the rule, with respect of the right to the bailee to restrict or diminish his liability by special contract with the bailor is stated as follows:

"The parties to a bailment may diminish the liability of the bailee by special contract, the principle being that the bailee may impose whatever terms he chooses, if he gives the bailor notice that there are special terms, and the means of knowing what they are; and if the bailor chooses to make the bailment, he is bound by them, provided the contract is not in violation of law or of public policy, and that it stops short of protection in case of fraud or negligence of the bailee; and provided further that the terms of the contract are clear, such stipulations being strictly construed."

To the same effect is the rule stated in R. C. L., vol. 3, 301, and cases there cited.

In the case of *Healy* v. *New York Central & H. R. R. Co.*, reported in 153 App. Div., 516, 138 N. Y. Supp., 287, and affirmed in 210 N. Y., 646, 105 N. E.. 1086, it was held that one checking a hand bag in a parcel room in a railroad station, and receiving a check on the back of which in fine print was a provision that the depositor, in accepting said check, agreed not to hold the railroad company liable for more than $10, to which his attention was not called, could recover the real value of the hand bag. The majority opinion in that case, upon the question of the plaintiff's right to recover, said:

"The plaintiff having had no knowledge of the existence of the special contract limiting the liability of the defendant to an amount not exceding $10, and not being chargeable with such knowledge, the minds of the parties never met thereon, and the plaintiff cannot be deemed to have assented thereto, and is not bound thereby."

Judge Houghton, who wrote a separate opinion in the case concurring in the result reached by the majority, bases his conclusion of liability upon the ground that the numbered check received by the plaintiff from the railroad company was a mere token to enable him to identify his baggage when called for, and that in no sense did he. have any reason to believe that it embodied a contract exempting the company from liability, or limiting the amount thereof. Upon this point his opinion states:

"The business of checking hand baggage at railway stations has become a large and important one. It seems to me that any one in the ordinary course of business, checking his baggage at such a place, would regard the check received as a mere token to enable him to identify his baggage when called for, and that in no sense would he have any reason to believe that it embodied a contract exempting the bailee from liability or limiting the amount thereof. If the plaintiff knew that the defendant had limited its liability to $10, either by his attention being called to it or otherwise, then, of course, the law would deem him to have assented to it, so that a binding contract would be effected. If he did not know it, I think the law imposed no duty upon him to read his check to find whether or not there was a contract printed thereon, or that he was guilty of neglect in not so reading it, because he had no reason to apprehend that a contract was printed thereon."

We think this statement of the law is sound. and should control the case at bar. In the absence of notice to the complainant of the stipulation printed upon the check restricting the liability of the defendant, we do

not think that he should be bound thereby. It is hardly probable that, if the complainant had known that the defendant was limiting its liability for his suit case and contents to $10, he would have deposited it with the defendant. The uncontradicted evidence is that the value of the suit case and contents were more than 22 times the amount for which the defendant would be liable if the limitation is held binding. We do not think that the complainant, by receiving the numbered check, was chargeable with notice of the printed stipulation thereon. We do not think that he was bound to regard it as a receipt containing a printed stipulation restricting the liability of the company, in the absence of his attention being called to such stipulation, but was warranted in regarding it as a mere check or token that would enable him and the agent of the defendant to identify his suit case upon his return and making demand therefor. We do not think that an ordinarily prudent man would have regarded it as more, and the complainant was not guilty of a breach of duty in failing to apprise himself of such limitation. It was not similar to the usual warehouseman's receipt, or the receipt of an express company or railway company, issued for goods received on deposit or for transportation containing various printed stipulations which the depositor or shipper, as the case may be, is supposed to read and acquaint himself with. It was simply a numbered check showing that the holder had deposited a parcel of some character with the defendant, which enabled the defendant to identify the parcel by comparing the number on the check with the number of the duplicate attached to the parcel.

In receiving baggage for deposit at its check room the defendant held itself out as a bailee for hire, and said to the public:

"I will receive your baggage for safe-keeping, giving you a numbered check, a duplicate of which will be attached to the baggage deposited that will enable identification and delivery upon your calling for same."

It was for safe-keeping that the complainant deposited his suit case with the defendant, for which he was given the check of identification by the young lady in charge. He had no reason to suspect that said check contained any statement restricting the liability of the company, in the absence of his attention being called thereto, and to hold the company liable for only $10, when the proof shows that the suit case and contents were worth more than 22 times that much, and were lost through the admitted negligence of the defendant's servant, would be to encourge the defendant in its failure to exercise proper care in the performance of its duties as such bailee.

The judgment of the court of civil appeals is affirmed, with costs.