Morris Moss

*v.*

Harold Fortune, d/b/a Fortune's
Birds and Pets.

(*Nashville,* December Term, 1959.)

Opinion filed October 7, 1960.

HARRY P. RUBERT, ROBERT L. WHITE, Memphis, for plaintiff in error.

THOMAS R. PREWITT, Memphis, ARMSTRONG, MCCADDEN, ALLEN, BRADEN & GOODMAN, Memphis, of counsel, for defendant in error.

MR. JUSTICE FELTS delivered the opinion of the Court.

This is an action for personal injuries. Plaintiff alleged in his declaration that defendant operated a business of renting to the public riding horses with saddle and bridle suitable for riding; that defendant rented him a horse so equipped; and that after he rode the horse a short distance, the left stirrup strap suddenly broke, threw him to the ground, and seriously injured him.

He further alleged that defendant was negligent in failing to make proper inspection of the stirrup straps before supplying them to him, in not ascertaining that the left strap was in a defective and dangerous condition

and likely to cause injury to plaintiff, in failing to warn plaintiff of such condition, and in supplying him such a strap; and that such negligence proximately caused plaintiff's injuries.

Defendant filed a plea averring that plaintiff had "voluntarily assumed the risk of injury incident to riding defendant's horse"; that "defendant maintained the horse and permitted its use only upon conditions specified in a written agreement"; that, but for such agreement, plaintiff would not have been permitted to ride defendant's horse; and that such agreement signed by defendant was as follows:

"Fortune's Tropical Gardens

"I am hiring your horse to ride today and all future rides at my own risk.

"Signed          Morris Moss     "

Plaintiff filed a demurrer to defendant's plea of this agreement as a bar to plaintiff's right to maintain this suit. The Trial Judge overruled the demurrer, plaintiff did not plead over, but stood on his demurrer, and judgment was entered dismissing this action. Plaintiff appealed in error.

■ We think the judgment below was correct. By this writing it was stipulated that plaintiff was "hiring your horse to ride today and all future rides at my own risk." It seems the plain intent of this agreement was that plaintiff assumed the risk incident to the hiring and riding of the horse, including the risk which caused the injuries sued for.

It is well settled in this State that parties may contract that one shall not be liable for his negligence to another but that such other shall assume the risk incident to such negligence. *Cincinnati, New Orleans & Texas Pacific Ry. Co. v. Saulsbury,* 115 Tenn. 402, 90 S.W. 624; *Carolina, C. & O. R. R. Co. v. Unaka Springs Lumber Co.,* 130 Tenn. 354, 170 S.W. 591; *McKay v. Louisville & Northern R. R. Co.,* 133 Tenn. 590, 182 S.W. 874; *Robinson v. Tate,* 34 Tenn.App. 215, 236 S.W.2d 445.

To this general rule there are some exceptions, not here material. For instance, a common carrier may not, by contract, exempt itself from liability for a breach of duty imposed on it for the benefit of the public; and a railroad cannot by contract exempt itself from liability "from willful or gross negligence in running over a slave, asleep on the track." *Memphis & Charleston R. R. Co. v. Jones,* 39 Tenn. 517. See review of the cases by Judge Swepston in *Robinson v. Tate,* supra, 34 Tenn.App. 226-230, 236 S.W.2d 445.

The case of *Dodge v. Nashville, C. & St. L. Ry. Co.,* 142 Tenn. 20, 215 S.W. 274, 7 A.L.R. 1229, relied on by plaintiff, is not in point. There, it was held that the railroad was not exempted from liability for the value of lost baggage, by a limitation of liability printed on the back of the baggage check, but which was not in anywise called to the attention of the customer, and of which the customer had no actual knowledge.

In the case before us, however, plaintiff had actual knowledge of, and signed, the written agreement which was pleaded in bar of his right to maintain this suit for alleged negligence. His demurrer to this plea admits the

truth of it, and he is in no position to claim that he had no knowledge of it or was not bound by it.

All of the assignments of error are overruled and the judgment of the Circuit Court is affirmed. The costs of the appeal in error are adjudged against plaintiff and the surety on his appeal bond.

PREWITT, CHIEF JUSTICE, not participating.