DUSZYNSKI and wife, Appellants, v. B & T RIDING ACADEMY, INC., and others, Respondents.

*October 6—November 1, 1966.*

For the appellants there was a brief and oral argument by *Herbert A. Eggie* of Milwaukee.

For the respondents there was a brief and oral argument by *John C. Shabaz* of West Allis.

HANLEY, J. The issue involved is whether the release signed by the plaintiff is void by law as being against public policy.

Plaintiffs in their statement of facts cite only that portion of the release which provides:

". . . to release its agents and employees, from all claims for loss, damage or injury, except such as are caused by its or their gross negligence."

The release contains the following language not cited by plaintiffs:

"The undersigned recognizes that the horse is a creature capable of and given to independent action and assumes the entire risk and responsibility for damage or injury suffered or caused while riding or attempting to ride the horse."

Counsel for plaintiffs cites numerous cases involving railroads, telegraph companies, and public utilities which hold that a contract exempting a person for future negligent acts is void as against public policy. The contention is that the rule applied in those cases should apply to the case at bar. We think that the rule cannot be applied to the situation before us because there are issues of fact raised by the pleadings which must be determined in order to ascertain whether any portion of the release might be applicable.

Under one condition of the release agreement the plaintiff James Duszynski assumed the entire risk and re-

sponsibility for damage or injury suffered or caused while riding or attempting to ride the horse. The responsibility under the above condition of the release agreement is not predicated on negligence, and it may not be urged that the agreement is against public policy as exempting one from liability for his own negligence. See *Kitchin v. Gary Steel Corp.* (1954), 196 Va. 259, 83 S. E. (2d) 348.

In the case of *Moss v. Fortune* (1960), 207 Tenn. 426, 340 S. W. (2d) 902, the court held that a demurrer to the defense of a release was properly overruled in the court below. The factual situation in this case is somewhat similar to the case at bar.

In Anno. 94 A. L. R. (2d) 1431, 1436, it is stated:

"Specific risks may be assumed by contract in connection with a waiver of liability. Thus, in Broderson v. Rainer Nat. Park Co. (1936) 187 Wash 399, 60 P2d 234, the plaintiff's toboggan struck a depression and he was precipitated to the ground, suffering the injuries in suit. The toboggan was rented from the defendant company, which also maintained the slide. At the time he rented the toboggan he signed a ticket upon which was printed a notice which informed of the general danger inherent in winter sports and which specifically denied any liability upon the part of the company. The court pointed out that *the toboggan slide was neither a public utility nor a common carrier, and the service rendered was not essential to public welfare and convenience.*" (Emphasis supplied.)

This annotation further comments at page 1442 that:

"Sec. 7. **Waiver or limitation of liability.** There is some authority to support the conclusion that the operator of a public amusement may limit his liability for injuries sustained by an invitee, if the limitation is brought to the latter's notice and understanding, but such a notice, if printed on the back of an admission ticket in small type and not otherwise brought to the patron's attention, is not enough. The foregoing principles are reflected in certain cases involving injuries in connection with downhill winter sports facilities."

The latter A. L. R. comments are not at odds with other authorities on this particular subject. Sports or recreation events, whether there be actual participation or vicarious enjoyment have not as yet in any court or by any legal authority been recognized as a business or facility having a public-service character. See Anno. 82 A. L. R. (2d) 1183, Anno. 87 A. L. R. (2d) 1179, 1201, Anno. 92 A. L. R. (2d) 1074, and Anno. 88 A. L. R. (2d) 1112. In our case, we are dealing with a riding academy, a facility which for a fee is open to the public as a source of outdoor recreation, an activity not so dissociated in characteristics as to make any analogy with the aforementioned activities impossible. All of the above events are leisure pursuits, many of which naturally involve a certain amount of risk. In *Riding Academy v. Miller* (1934), 127 Ohio 545, 189 N. E. 647, the court noted that a person who hires a riding horse must be prepared for the ordinary risks involved.

We conclude that a determination of the question of whether or not the alleged release is a defense to the plaintiffs' action cannot be determined on this demurrer for the reason that the factual issues must first be determined.

*By the Court.*—Order affirmed.