**EMPRESS HEALTH AND BEAUTY SPA, INC., Petitioner,**

v.

**Ruth TURNER, Respondent.**

Supreme Court of Tennessee.

Dec. 17, 1973.

Max Shelton, Memphis, for petitioner.

Walter Lee Bailey, Jr., Memphis, for respondent.

## OPINION

FONES, Justice.

Ruth Turner was plaintiff and Empress Health & Beauty Spa, Inc. was defendant in the trial court, and they will be referred to herein in that status.

Plaintiff sued defendant for personal injuries, alleging that she had entered into a contract with the defendant, obligating it to give her instructions and provide weight reducing machinery that would cause her to reduce her weight; that she was instructed to use a vibrating machine on September 1, 1970, and "that while plaintiff was using said machine the belt around plaintiff, connected to said machine, broke."

The specific acts of negligence alleged were:

"1. Carelessly and negligently maintaining said vibrating machine allowing the belt to break causing plaintiff to fall and be injured.

2. Carelessly and negligently maintaining said vibrating machine in a dangerous and defective condition in that the belt was loose, worn and parts thereof broken away, causing said machine to be in a dangerous condition."

Defendant answered, denying any act of negligence and asserting an exculpatory clause in the contract as a complete bar to the plaintiff's cause of action. Subsequently, defendant filed a motion for summary judgment, supported by the discovery deposition of plaintiff, wherein she identified the contract entered into with the defendant, acknowledged her signature thereon, and same is an exhibit to said deposition.

The provision in the contract urged by the defendant as a bar to plaintiff's action is as follows:

"7. Member fully understands and agrees that in participating in one or more of the courses, or using the facili-

ties that shall be maintained by the Spa, there is the possibility of accidental or other physical injury. Member further agrees to assume the risk of such injury, and further agrees to indemnify the Spa from any and all liability attributable to the Spa by either the Member or Third Parties as a result of the use by the Member of the facilities and instruction as offered by the Spa."

No counteraffidavits, depositions or other proof was presented by plaintiff in opposition to motion for summary judgment.

The trial court granted defendant's motion and dismissed the case.

The Court of Appeals reversed and remanded the case for "such further proceedings as the law directs." We granted defendants petition for the writ of certiorari and have heard oral argument.

The Court of Appeals held that the contractual provision relied upon by defendant was ambiguous and " . . . subject to more than one interpretation in relation to whether or not the plaintiff absolved the defendant of liability for its negligence. From a reading of the language a person might conclude either way on the issue."

█ It is well settled in this State that parties may contract that one shall not be liable for his negligence to another but that such other shall assume the risk incident to such negligence. Said rule was stated and applied in Moss v. Fortune, 207 Tenn. 426, 340 S.W.2d 902 (1960), where the agreement signed by plaintiff read, "I am hiring your horse to ride today and all future rides at my own risk."

█ Further, it is not necessary that the word "negligence" appear in the exculpatory clause and the public policy of Tennessee favors freedom to contract against liability for negligence. See Trailmobile, Inc. v. Chazen, 51 Tenn.App. 576, 370 S.W.2d 840, at 844 (1963).

In its opinion, the Court of Appeals further said:

"The question presently before the Court is whether the true intent can be found from the terms of the contract heretofore quoted."

We disagree.

The first duty of the Court is well stated in the following quote from 17 Am.Jur.2d, Contracts, § 245:

"It is not within the function of the judiciary to look outside of the contract before the court to get at the intention of the parties and then carry out that intention regardless of whether the instrument contains language sufficient to express it; but their sole duty is to find out what was meant by the language of the instrument. This language must be sufficient, when looked at in the light of such facts as the court is entitled to consider, to sustain whatever effect is given to the instrument. Taking into consideration this limitation, the object of all rules of construction is to arrive at the intention of the parties as it is expressed in the contract. In other words, the object to be attained in construing a contract is to ascertain the meaning and intent of the parties as expressed in the language used and to give effect to such intent if it does not conflict with any rule of law, good morals, or public policy. It is not necessarily the real intent, but the expressed or apparent intent, which is sought. The court will not attempt to ascertain the actual mental processes of the parties in entering into the particular contract; rather the law presumes that the parties understood the import of their contract and that they had the intention which its terms manifest.

If the language used by the parties is plain, complete, and unambiguous, the intention of the parties must be gathered from that language, and from that language alone, . . . "

█ A contract is ambiguous only when it is of uncertain meaning and may fairly

be understood in more ways than one. A strained construction may not be placed on the language used to find ambiguity where none exists.

We find the contractual provision in question has an inescapable certainty of meaning that requires no construction or interpretation beyond the clear import of the words used. There is nothing inconsistent or uncertain in plaintiff assuming the risk of injury and agreeing to indemnify defendant, in the same sentence.

We approve the following principle from 17 Am.Jur.2d, Contracts, § 249, and it is significant here:

"Where words or terms having a definite legal meaning and effect are knowingly used in a written contract or other instrument, the parties thereto will be presumed to have intended such words or terms to have their proper legal meaning and effect, in the absence of any contrary intention appearing in the instrument."

The Court of Appeals also held:

"Summary judgment is a drastic remedy wherein it settles the rights of litigants without a hearing on the merits; and, therefore, the defendant is still under the duty to show it is entitled to a dismissal as a matter of law, even though the plaintiff failed to file counter affidavits, etc. Summary judgment cannot be pro confessed."

The exculpatory clause of the contract between the parties is unambiguous, valid, and a complete bar to plaintiff's recovery, as a matter of law. Defendant's motion for a summary judgment was the appropriate procedure for disposition of this case.

The Court of Appeals is reversed, the trial court affirmed and the suit dismissed at the cost of the plaintiff.

DYER, C. J., CHATTIN and McCANLESS, JJ., and LEECH, Special Justice, concur.