Geneva DIXON, Appellee,

v.

Allen MANIER and Artiste School of Cosmetology, Appellants.

Court of Appeals of Tennessee, Eastern Section.

July 21, 1976.

Charles T. Herndon IV of Herndon, Coleman, Brading & McKee, Johnson City, for appellants.

James T. Milliken, Thomas E. Mitchell, Johnson City, for appellee.

## OPINION

PARROTT, Presiding Judge (E.S.).

Geneva Dixon filed in the circuit court a suit for damages against Allen Manier and Artiste School of Cosmetology alleging defendants negligently applied to her hair a straightener so as to cause plaintiff to lose her hair. In the circuit court action defendants pleaded as a bar to recovery a release agreement[1] plaintiff signed prior to application of the hair straightening chemical.

Prior to any determination in the circuit court action, plaintiff filed this complaint in the chancery court seeking to set aside the release agreement on the grounds the instrument was against public policy in that it attempted to release the defendants of future negligence. The complaint also alleges the release was void because of a lack of consideration.

After a hearing of the cause, the chancellor made a finding of fact that plaintiff had been "overreached" and "misled" into signing the release. Upon these grounds the chancellor set aside the release agreement and held same to be null and void. From the chancellor's degree defendants have appealed.

We reverse and dismiss the complaint.

It is neither pleaded nor proven the defendant obtained the release agreement by any fraudulent or overreaching means. Thus, there is no basis of fact pleaded or proven to sustain the chancellor's finding or the decree as entered.

Only two witnesses testified—Geneva Dixon and defendant's employee, Zella Manier. We find no discrepancies in these witnesses' testimony to any material point.

On January 8, 1974, plaintiff went to the defendants for the purpose of having her hair straightened. At this time she had been going to the defendants every other week for about three months. On one prior occasion she had had her hair straightened by the defendant. The record is not clear whether the same procedure was used on that occasion as on January 8. Plaintiff says she does not remember signing a release or paper on the first occasion, but on January 8, shortly after defendants had begun to wash her hair, she was presented with a release which she signed. She did not read the instrument because she did not have her glasses. She testified they did not make her sign it but told her to, and that she had confidence and trusted them.

Defendants' witness, Zella Manier, was present on January 8, but did not have any personal contact with plaintiff. However, she testified that some three months prior, when plaintiff had her hair straightened, she personally explained to her the dangers and risks involved and obtained from her a release. The substance used is a chemical which should not be applied to hair if it is dry, brittle, or fragile. The substance goes into the cortex of the hair and causes the fibers to soften. The reaction is the reverse of the ordinary usual permanent wave.

Under these facts, we find no evidence to support a finding the release agreement was obtained by overreaching means.

Standing alone, the fact plaintiff did not read the agreement is not a valid ground to declare it void. In the absence of fraud or duress, the failure of a person to read or learn the contents of a written agreement in no way relieves the binding obligations of the agreement. We said in *Hardin v. Combined Insurance Company of*

1. See appendix.

*America,* 528 S.W.2d 31 (Tenn.App.1975), that a person is under a duty to learn the contents of a written contract before signing it. To permit a party to deny the obligations imposed by a signed written contract on the sole ground he had not read the contract would destroy the value of all contracts.

Written instruments may be reformed or voided on the ground of fraud or mistake only where such is shown by clear, cogent, convincing evidence. *Napier v. Stone,* 21 Tenn.App. 626, 114 S.W.2d 57 (1938); *Jones v. Jones,* 150 Tenn. 554, 266 S.W. 110 (1925). In *Exum v. Washington Fire & Marine Ins. Co.,* 41 Tenn.App. 610, 297 S.W.2d 805 (1957), the Court applied the rule to releases and found the release invalid on ground of duress.

The proof here simply does not meet the requirements of clear and convincing evidence necessary to void a written instrument.

In the chancellor's memorandum rendered from the bench, but not included in the decree, the release agreement was held void and unenforceable because there was no consideration and that the instrument was against public policy. These conclusions are incorrect.

In *Johnson v. Central National Insurance Co.,* 210 Tenn. 24, 356 S.W.2d 277 (1962), the classical and accepted definition of consideration is stated: "A valuable consideration is either a benefit to the party promising or a prejudice or trouble to the party to whom the promise is made." Certainly the services rendered by defendants to plaintiff fulfills the requirements of consideration.

Contrary to the chancellor's holding, public policy of Tennessee favors freedom to contract against liability for negligence. *Trailmobile, Inc. v. Chazen,* 51 Tenn.App. 576, 370 S.W.2d 840 (1963). In *Moss v. Fortune,* 207 Tenn. 426, 340 S.W.2d 902 (1961), our Supreme Court held that parties may contract that one shall not be liable for

his negligence to another but such other shall assume the risk incident to such negligence. In that case the Court pointed out there were exceptions such as a common carrier or those who have a specific duty imposed on them for the benefit of the general public. It is clear this cause does not fall within any of the exceptions.

In the recent case of *Empress Health & Beauty Spa v. Turner,* 503 S.W.2d 188 (Tenn.1973), which is much like this case, the plaintiff sued defendant for personal injuries allegedly received while using defendant's weight-reducing machine. In that case the parties had entered into an agreement similar to the release in this case. With Justice Fones speaking for the Court, *Moss v. Fortune,* supra, and *Trailmobile, Inc. v. Chazen,* supra, were expressly approved. The Court sustained defendant's motion for summary judgment upon a finding the release agreement was valid and was a complete bar to plaintiff's recovery as a matter of law.

For the foregoing reasons the chancellor's decree is reversed, the motion to dismiss the complaint is sustained.

Let all costs in this Court and the court below be taxed to the appellee, Geneva Dixon.

SANDERS, J., and JAMES H. JARVIS, Special Judge, concur.

## APPENDIX

### PERMANENT WAVE GUARANTEE

and

### CUSTOMER'S AGREEMENT

IN CONSIDERATION of the purchase by the undersigned of services, including a permanent wave of the hair, by students of the Artiste School of Cosmetology, the owner hereby agrees that if the hair of the undersigned customer does not take a permanent wave, her hair or the portion of her hair which does not take the wave, will be rewaved free of charge within thirty (30) days from the date hereof. Owner does not

guarantee that the wave will not be affected by the natural growth of the hair.

IN CONSIDERATION of the foregoing services to be performed by the students of Artiste School of Cosmetology, and the foregoing undertaking, the undersigned customer agrees to and does hereby assume all risk of damage and loss to all persons or property as a result of any or all injury to same arising from any and all services rendered by the students of Artiste School of Cosmetology whether such injury is caused by accident or the negligence of the school, its owners, students, servants or agents, or otherwise and agrees to indemnify and hold harm free the school, its owners, students, servants and agents with respect to same; and the undersigned customer does hereby release and forever discharge the school, its owners, students, servants and agents from any and all claims for loss or damage resulting therefrom.

Dated this 8 day of Janaury, 1974.

Names/ ___Geneva Dixon___

Address 109 Depot St., Jonesoro

Phone 753–2308.