Shirley PETRY, Appellant,

v.

COSMOPOLITAN SPA INTERNATION-
AL, INC., and Holiday Spa of
Tennessee, Inc., Appellees.

Court of Appeals of Tennessee,
Eastern Section.

June 25, 1982.

Permission to Appeal Denied by
Supreme Court Sept. 13, 1982.

Richard A. Schulman of Reingold, Pow-
ers, Schulman & Robbins, Chattanooga, for
appellant.

Samuel F. Robinson, Jr., of Robinson,
Stanley & Burnette, Chattanooga, for ap-
pellees.

OPINION

PARROTT, Presiding Judge.

On August 8, 1978, appellant Shirley Pe-
try contracted with Appellee, Cosmopolitan
Spa International, Inc. (Cosmopolitan), for a
membership in its spa which was to include
"processing, program counseling and facili-
ties usage . . . ."  The written contract con-
tained the following exculpatory clause:

"Member represents that he or she is in
good physical condition and able to use
the equipment provided and to take the
exercises recommended by Cosmopolitan.
Member fully understands and agrees
that in participating in one or more of the
courses, or using the facilities maintained
by Cosmopolitan, there is the possibility
or [sic] accidental or other physical injury.
Member further agrees to assume the
risk of such injury and further agrees to
indemnify Cosmopolitan from any and all
liability to Cosmopolitan by either the
member or third party as the result of
the use by the member of the facilities
and instructions as offered by Cosmopoli-
tan."

On or about January 1, 1980, appellee, Cos-
mopolitan, sold the spa to appellee, Holiday
Spa of Tennessee, Inc. (Holiday).  On Feb-

ruary 25, 1980, appellant injured or reinjured her back when she sat on an exercise machine and it collapsed under her. Appellant brought this suit on January 14, 1981, in the Circuit Court of Hamilton County against appellees for damages for personal injuries resulting from appellees' alleged negligence in maintaining the exercise machine in a dangerous condition.

Appellees moved for summary judgment based largely on the argument that the exculpatory clause in the membership contract barred appellant's claim. The trial judge granted appellees' motion, holding that the exculpatory clause was good, that the contract was enforceable by both Cosmopolitan as principal and by Holiday as either assignee or agent, and that appellant's action was therefore barred. Appellant now appeals to this Court. We affirm the trial judge in his summary judgment decision.

The exculpatory clause in this case was clearly enforceable, and the contract containing it was assignable to Holiday. Appellant's suit is barred as a matter of law and was properly dismissed by summary judgment.

The Supreme Court of Tennessee held in *Empress Health and Beauty Spa, Inc. v. Turner,* 503 S.W.2d 188 (Tenn.1973), that an exculpatory clause of almost the exact type and wording as the one in this case was valid and enforceable. That case is both factually and legally on point with this one. The trial judge below correctly recognized this in his summary judgment opinion. Like the court below, we are compelled by the doctrine of stare decisis to follow this holding. *Empress* is a clear and unambiguous decision by the highest court of this state and has never been altered or overruled. It controls in this case.

Appellant contends that our Supreme Court's decision in *Olson v. Molzen,* 558 S.W.2d 429 (Tenn.1977), compels that the exculpatory clause in this case be struck down as against public policy. We disagree. *Olson* adopted the criteria for assessing exculpatory clauses used in *Tunkl v. Regents of University of California,* 60 Cal.2d 92, 32 Cal.Rptr. 33, 383 P.2d 441 (1963). *Olson* did not overrule *Empress.* Health spas are not businesses "of a type generally thought suitable for public regulation." It does not appear that the policy considerations established in *Olson* would change the result in *Empress,* which, as has been stated, is directly applicable to this case. Therefore, the exculpatory clause in question is valid in Tennessee.

Appellant also contends that even if the exculpatory clause is valid, it does not protect appellee, Holiday, from liability because it could not be assigned. Again, we must disagree. The exculpatory clause in this contract was a right of appellee Cosmopolitan. Generally, contractual rights can be assigned:

"(2) A contractual right can be assigned unless

(a) the substitution of a right of the assignee for the right of the assignor would materially change the duty of the obligor, or materially increase the burden or risk imposed on him by his contract, or materially impair his chance of obtaining return performance, or materially reduce its value to him, or

(b) the assignment is forbidden by statute or is otherwise inoperative on grounds of public policy, or

(c) assignment is validly precluded by contract."

*Restatement (Second) of Contracts* § 317(2) (1981).

None of the above exceptions to assignability can be successfully raised as to this exculpatory clause. Appellant contends that the assignment was invalid because the contract was of a personal nature and that she never consented to the assignment. We find this unpersuasive. This contract was primarily for the use of spa facilities and not of a personal nature. Beyond this, the exculpatory clause can only be viewed as a right of appellees, not appellant. Appellant had no right to consent to a transfer of a contractual right not her own. Appellant also claims that the contract contained language that prohibited assignment. We do

not agree. The only language which remotely suggests a bar on transfer deals with either transfer of appellant's spa membership or the financial servicing of the contract.

It seems clear that the judge below was correct in his decision that appellant's suit was barred against appellee Holiday because it was appellee Cosmopolitan's assignee. That being the case, we must affirm the court below on this issue also. Let all costs be taxed to appellant.

SANDERS, J., concurs.

GODDARD, J., dissents.

GODDARD, Judge, concurring in part and dissenting in part.

I concur in the majority opinion insofar as it grants summary judgment in favor of Cosmopolitan Spa International, Inc., the original signator to the contract containing the exculpatory clause.

I do, however, respectfully dissent as to the dismissal of the assignee, Holiday Spa of Tennessee, Inc. Notwithstanding the statement of this Court in *Trailmobile, Inc. v. Chazen,* 51 Tenn.App. 576, 370 S.W.2d 840 (1963), I do not believe that exculpatory clauses are or—perhaps more accurately—should be favored. It is my view such clauses should be strictly construed and the protection afforded thereby not assignable unless expressly authorized.

There is also a more narrow ground which I believe would justify a reversal. I am of the opinion that there is a disputed fact whether the Plaintiff comes within the exception set out in Subsection (a) of the Restatement cited in the majority opinion, in that both her affidavit and that of her mother show that she was induced to sign the agreement in part because of the representations of the personnel of the original contractor that they had had experience in the rehabilitative procedures that she sought in connection with her prior back injury. I believe it could be inferred that a change in personnel occurred from the time the assignment was made on January 1, 1980, until the accident happened on February 25, and that, absent a showing that the personnel of the assignee corporation was equally skilled in supervising the Plaintiff's exercise and in maintaining the equipment, reasonable minds could differ as to whether the Plaintiff's risk was materially increased.

Finally, it is arguable that the supplemental affidavit of the President of Cosmopolitan Spa International, Inc., which is made "to the best of the affiant's knowledge, information, and belief," rather than upon "personal knowledge" as required by Rule 56.05 of the Tennessee Rules of Civil Procedure, does not meet the evidentiary requirements necessary to sustain a summary judgment. However, I am disinclined to rest the dissent on this ground in light of the unquestioned authenticity of the contract.