**Jake B. ADAMS, Appellant,**

v.

**Charles ROARK, d/b/a Cherokee Dragway, and Cherokee Dragway, Inc., Appellees.**

Supreme Court of Tennessee, at Knoxville.

March 4, 1985.

Jim W. Stambaugh, Kenneth E. Douthat, Stambaugh and Associates, Morristown, for appellant.

David W. Blankenship, Kingsport, for appellees.

## OPINION

COOPER, Chief Justice.

Permission to appeal was granted to review the action of the Court of Appeals in affirming a summary judgment order, which dismissed plaintiff's suit for damages for personal injuries allegedly due to the negligence of the defendant in the operation of a motorcycle dragway. The Court of Appeals held that plaintiff had signed a release and waiver which freed the defendant from liability. Plaintiff argues that he did not read the release and thought he was registering for a race; that he had no knowledge of the specific risk that caused his injuries and could not have assumed such risk; and that the defendant was guilty of gross negligence for which liability cannot be contracted away. We hold that there is a disputed factual issue as to whether defendant was guilty of gross negligence, and we reverse and remand.

Plaintiff, Jake B. Adams, was seriously injured while racing at Cherokee Dragway when he lost control of his motorcycle and struck a steel photo-electric cell reflector located near the finish line. The reflector was used to determine which driver won a race by being first to break the beam of

light reflected off the device. It was one foot by eight inches at the base, and a one-fourth inch thick piece of metal extended eighteen inches into the air.

Adams brought suit against Charles Roark, doing business as Cherokee Dragway and Cherokee Dragway, Incorporated. He alleged that the photo-electric cell reflector should have been constructed of plastic or some other non-rigid material as a safety precaution "because of the known dangers by the operators of the tracks that as motorcycles hit their maximum speed, that they are liable to be slightly out of control."

Defendants moved for summary judgment on the ground that they owed no duty to Adams based on the signed release and waiver. In response, Adams filed his own affidavit and those of nine other experienced motorcycle racers. The affidavits stated, generally, that the racers did not know that steel reflectors were in use, that the device was unique and dangerous, and that they would not have raced had they known of this danger. The Circuit Court for Hawkins County granted the motion for summary judgment.

The document signed by Adams was entitled "RELEASE AND WAIVER OF LIABILITY AND INDEMNITY AGREEMENT." The top half of the document contained the provisions of the release and waiver and stated, in part, that the undersigned

    1. HEREBY RELEASES, WAIVES, DISCHARGES AND COVENANTS NOT TO SUE the ... track operator, track owner, ... from all liability ... for any and all loss or damage and any claim or demands therefore on account of injury to the person or property or resulting in death of the undersigned, whether caused by the negligence of the releasees or otherwise....

    2. HEREBY AGREES TO INDEMNIFY AND SAVE AND HOLD HARMLESS the releasees ... from any loss, liability, damage, or cost they may incur due to the presence of the undersigned ... whether caused by the negligence of the releasees or otherwise.

    3. HEREBY ASSUMES FULL RESPONSIBILITY FOR AND RISK OF BODILY INJURY, DEATH OR PROPERTY DAMAGE due to the negligence of releasees or otherwise ....

In addition, the document stated that each signator acknowledged the dangerousness of the event and the risk of serious injury or death.

The bottom half of the release and waiver consisted of two columns of lines with spaces for signatures. Embossed in red upon each space, and beneath the signature of Jake Adams, was the statement "I HAVE READ THIS RELEASE."

Plaintiff does not deny signing the document, but takes the position it is not binding since he did not read it prior to signing and did not know it was a release from liability; that he thought he "was just registering to race and leaving the track something to keep up with the season points race."

■ In this state, parties may contract so as to release one of the parties from liability for damages resulting from his negligence. *See Empress Health and Beauty Spa, Inc. v. Turner*, 503 S.W.2d 188, 190 (Tenn.1973); *Moss v. Fortune*, 207 Tenn. 426, 340 S.W.2d 902 (1960). *See also* T.C.A. § 55–22–105 wherein "[t]he practice of participants in motor racing events of releasing the promoters thereof from liability and of assuming liability for any injuries sustained is hereby expressly approved." The failure of a party to read a release and waiver before signing, in the absence of fraud or duress, does not affect its validity. *Dixon v. Manier*, 545 S.W.2d 948, 949 (Tenn.App.1976).

■ While the case law and announced public policy of Tennessee favors freedom to contract against liability for negligence, *Trailmobile, Inc. v. Chazen*, 51 Tenn.App. 576, 370 S.W.2d 840, 844 (1963), it does not favor contracting against liability for gross negligence, and such an agreement is unenforceable. Restatement, Contracts 2d

§ 195, p. 65 (1981); 15 Williston on Contracts, § 1750A, p. 141 (3d ed.1972); 6A Corbin on Contracts § 1472, p. 596–97 (1962). In *Memphis and Charleston Railroad Co. v. Jones,* 39 Tenn. 517 (1859), the railroad argued on appeal that the jury should not have been instructed that a contractual provision absolving the railroad of liability for any accident would not apply if gross negligence was found. The court upheld the instruction and stated that

> It would be most absurd to suppose, that it was the intention and understanding of the parties that the company should be protected from liability ... against injury or loss occasioned by the wilful wrong, or gross negligence, of the company itself, or its agents!

■ The release in this case, then, would be effective to relieve the defendants of the consequences of their actions, unless the actions amounted to gross negligence.

■ The question of whether gross negligence is a true issue in a case is to be determined from the facts alleged in the complaint. *See generally, Shew v. Bailey,* 37 Tenn.App. 40, 260 S.W.2d 362, 366 (1951). In this case, the plaintiff charged that the photo-electric reflector should have been made of plastic or some other resilient material due to the "known dangers by the operators of the track" that a motorcycle may be slightly out of control when it approaches the reflector. The affidavits of Adams and the nine other drivers filed in response to defendants' motion for summary judgment support the view that the metal reflector was dangerous, that striking a reflector in the course of a race was not uncommon, that the drivers were not told that a steel reflector was in use and were not allowed to inspect it, and that they would not have raced on defendants' track had they known of the use of a metal reflector.

■ The allegations of the complaint, viewed most favorably to plaintiff, are sufficient in our opinion to charge a reckless disregard by the defendants for the drivers' safety. We are further of the opinion that the affidavits filed in support of the allegations create a genuine issue of fact as to whether defendants' actions amounted to gross negligence so as to negate the effect of the release and waiver. It follows that a summary judgment should not have been granted in this case. *See Brookins v. The Round Table, Inc.,* 624 S.W.2d 547, (Tenn.1981).

The judgment of the trial court, as affirmed by the Court of Appeals, is reversed and the cause is remanded for trial. Costs incident to the appeal will be paid by the defendants.

FONES, BROCK, HARBISON, and DROWOTA, JJ., concur.