## IN THE COURT OF APPEALS OF TENNESSEE

### AT KNOXVILLE

FILED

**March 08, 1999**

Cecil Crowson, Jr.
Appellate Court
Clerk

| | |
|---|---|
| LARRY S. GOUGE and wife, CAROL J. GOUGE, | ) C/A NO. 03A01-9805-CV-00174 |
| | ) |
| | ) SULLIVAN CIRCUIT |
| Plaintiffs-Appellants, | ) |
| | ) HON. JOHN MCLELLAN, III, |
| v. | ) JUDGE |
| | ) |
| FRED B. RYAN, ET AL., and FRED B. RYAN, | ) AFFIRMED |
| | ) AND |
| | ) REMANDED |
| Defendants, | ) |
| | ) |
| and TENNESSEE FARMERS MUTUAL INSURANCE COMPANY, | ) |
| | ) |
| Defendant-Appellee. | ) |
| _____ | ) |
| | ) |
| MISTY A. GOUGE, a minor child, by her parents and natural guardians, LARRY S. GOUGE and CAROL J. GOUGE, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| FRED B. RYAN, ET AL., and FRED B. RYAN, | ) |
| | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and TENNESSEE FARMERS MUTUAL INSURANCE COMPANY, | ) |
| | ) |
| Defendant-Appellee. | ) |

SHELTON B. HILLMAN, JR., GORE & HILLMAN, Bristol, for Plaintiffs-Appellants.

STEVEN C. ROSE, WEST & ROSE, Kingsport, for Defendant-Appellee.

### **O P I N I O N**

Franks, J.

The dispositive issue on this appeal is well stated by the appellant: "Does the wording of the subject policy of insurance expand 'bodily injury to a person' to include derivative claims."

This case arises from an automobile accident that occurred on March 9, 1996. Misty Gouge, a minor, was injured in the accident, and her parents Larry and Carol Gouge sought damages for Misty's medical expenses, as well as derivative claims for medical expenses and loss of services.

Anticipating a deficit in the amount of the defendant's insurance coverage, the Gouges also sought to recover from their underinsured carrier, Tennessee Farmers Mutual Insurance company. This policy provided split limits coverage with $100,000.00/$300,000.00 policy limits. Tennessee Farmers Mutual moved for partial summary judgment, claiming that the policy's $100,000.00 "per person" limit applied to all of the Gouge's claims. The Trial Judge granted the motion and later amended the previous order to constitute a final judgment, pursuant to T.R.C.P. Rule 54.02.

The insurance policy at issue contains the following relevant sections:

**Bodily injury** means injury to a person and the sickness, disease or death of that person resulting from that injury. Bodily injury sustained by any one person includes all injury and damages to others, including but not limited to, the loss of services and loss of consortium resulting from that bodily injury.

**Limited of Liability** . . . The maximum limit for "each person" includes damages claimed by the injured person for medical expenses, loss of services and loss of consortium. The maximum limit of liability for "each person" also includes all damages claimed by others, such as damages for medical expenses, loss of services and loss of consortium, resulting from the bodily injury sustained by the injured person.

The parties dispute the meaning of the foregoing language. Appellants content that they each, in addition to their daughter, are entitled to up to $100,000.00 each in coverage. The appellee argues that the $100,000.00 limit applies to both Misty's injuries and the appellants' claims.

2

"Contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary, and popular sense." *Guardian Life Ins. Co. Of America v. Richardson*, 129 S.W.2d 1107, 1115 (Tenn. App. 1939). Thus, where there is no ambiguity, "it is the duty of the Court to apply to the words used their ordinary meaning and neither party is to be favored in their construction." *Brown v. Tennessee Auto. Ins. Co.*, 237 S.W.2d 553, 554 (Tenn. 1951). A contract is ambiguous "when it is of uncertain meaning and may fairly be understood in more ways than one." *Empress Health and Beauty Spa Inc., v. Turner*, 503 S.W.2d 188, 190-191 (Tenn. 1973). "A strained construction may not be placed on the language used to find ambiguity where none exists." *Id.* at 191.

In this case, the contract is not ambiguous. It states that damages "claimed by others," including loss of services, are subject to the same limitation as the damages "sustained by the injured person." Thus, the policy includes within the limit of coverage for each person claims for loss of services arising from bodily injuries to one person. Since all the claims in this case derive from Misty's injuries, they are subject to a single limit of $100,000.00. The Trial Court properly construed the contract. Moreover, other Tennessee cases have reached similar conclusions, albeit under somewhat differently worded contracts. *See e.g., Yancy v. Utilities Ins. Co.*, 137 S.W.2d 318 (Tenn. App. 1939); *Maryland Cas. Co. v. Gordon*, 371 S.W.2d 460 (Tenn. App. 1963).

Appellants cite *Tate v. Allstate Ins. Co.*, 692 So. 2d 822 (Ala. 1997) to support their position that each of the claims is subject to a separate $100,000.00 limit. While *Tate* is instructive, the policy in that case contained different language from the contract at issue. First, the contract in this case specifically states that "bodily injury

3

sustained by any one person includes all injury and damage to others." Second, the policy defines it per person limit of liability to include "all damages claimed by others, such as . . . loss of services . . . resulting from bodily injury sustained by the injured person." Thus, *Tate* is distinguishable.[1]   The Trial Court properly granted summary judgment.

The cost of the appeal is assessed to appellants, and the cause remanded.

_____
_____
Herschel P. Franks, J.

CONCUR:


_____
Don T. McMurray, J.



_____
Charles D. Susano, Jr., J.


_____

[1]    The insurance policy under consideration by the *Tate* Court provided:

> The limits [$100,000.00 per person, $300,000.00 per occurrence] are the maximum we will pay for any single auto accident. The limit stated for each person for bodily injury applies to all damages arising from bodily injury, sickness, disease, or death sustained by one person in any one occurrence. The occurrence limit is our total limit of liability for all legal damages for bodily injuries sustained by two or more persons in any one occurrence.

That policy further provided:

> Allstate will pay for all damages a person insured is legally obligated to pay because of bodily injury or property damage, meaning:
>
> 1. Bodily injuries, sickness, disease or death to any person, including loss of services; and
> 2. Damages to, or destruction of property, including loss of use.

The Alabama Court construed the policy to provide separate coverage for "bodily injury" where the only injury was "loss of consortium", i.e., "loss of services" was held to be a "bodily injury".

4