IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 2, 2000 Session

## MARTHA DUNLAP v. FORTRESS CORPORATION and COVENANT HEALTH

**Direct Appeal from the Circuit Court for Knox County**
**No. 2-48-98      Hon. Harold Wimberly, Circuit Judge**

**FILED OCTOBER 27, 2000**

**No. E2000-00103-COA-R3-CV**

Plaintiff's action for personal injuries sustained at defendant's fitness center was dismissed by the Trial Court because plaintiff's agreement with the center contained an exculpatory clause. We vacate the Judgment.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court vacated.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Wayne A. Ritchie, II and Debra C. Poplin, Knoxville, Tennessee, for Plaintiff-Appellant.

F. Michael Fitzpatrick, Knoxville, Tennessee, for Defendant-Appellee.

## OPINION

In this action, plaintiff alleged that on January 29, 1997, she was using the exercise facilities at the defendant's fitness Center and was tripped by a piece of rubber matting on the floor near the walking track, causing her multiple injuries. She further alleged that the matting constituted an unreasonably dangerous condition of the premises, and that defendant's employees were negligent in leaving the matting on the floor which was the proximate cause of her injuries. Among the

defenses raised by defendant in response to plaintiff's complaint, was the assertion that plaintiff expressly assumed the risk based upon her written contract with defendant. The contract contains an exculpatory clause which reads as follows:

> MEMBER RELEASES AND DISCHARGES CENTER, ITS SHAREHOLDERS, DIRECTORS, OFFICERS, EMPLOYEES, AND AGENTS FROM ANY AND ALL DAMAGES OR CAUSES OF ACTION FOR PERSONAL INJURY TO MEMBER OR MEMBER'S CHILD OR CHILDREN RESULTING FROM OR ARISING OUT OF USE OF OR PARTICIPATION IN ANY OF CENTER'S FACILITIES OR PROGRAMS.

Defendant then filed a Motion for Summary Judgment which the Trial Court granted.

When reviewing a grant of summary judgment, this Court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993). Summary judgment is only proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Shadrick v. Coker*, 963 S.W.2d 726 (Tenn. 1998). Where a question of law is involved, no presumption of correctness attaches to the Trial Court's judgment. *Union Carbide Corp., v. Huddleston*, 854 S.W.2d 87 (Tenn. 1993).

Defendant asserts that the exculpatory clause is valid, and relies upon the cases of *Empress Health and Beauty Spa, Inc., v. Turner*, 503 S.W.2d 188 (Tenn. 1973), and *Petry v. Cosmopolitan Spa International, Inc.*, 641 S.W.2d 202 (Tenn. Ct. App. 1982). In these cases, the plaintiffs had been injured while using exercise equipment and had signed exculpatory clauses similar to the one now before the Court. In these cases the Court said the exculpatory clauses were valid and enforced them against the plaintiffs.

On appeal, plaintiff argues that the exculpatory clause in this case is invalid on the authority of *Olson v. Molzen*, 558 S.W.2d 429 (Tenn. 1977).

We pretermit the issue based on *Molzen* and conclude that the dispositive issue in this case is whether Tenn. Code Ann.§47-18-301 *et seq.* renders the exculpatory clause in this case unenforceable.

Subsequent to *Empress Health and Beauty Spa, Inc.,* and *Petry*, the Tennessee Legislature passed legislation regarding health clubs as a part of the Consumer Protection Act, Tenn. Code Ann. §47-18-301 *et seq.* Tenn. Code Ann. §47-18-303 states that a health club agreement which fails to conform to the requirements of the statute "shall be unenforceable against the buyer".

The statute's definition section, Tenn. Code Ann. §47-18-301 defines a "health club" as "any enterprise organized for profit, however styled, which offers on a regular, full time basis services or facilities for the development or preservation of physical fitness through exercise, weight control, or athletics." The record demonstrates that this is precisely the type of facility that defendant

was operating, and defendant is a for-profit corporation.   However, Tenn. Code Ann. §47-18-301(3)(B), excludes from the definition of "health club" any health club which is tax exempt under the provisions of Tenn. Code Ann. §67-6-330(a)(19).  But there is nothing in the record to indicate that defendant falls within this exception.

Tenn. Code Ann. §47-18-305 states:

**47-18-305.  Requirements for valid agreements. -** (a) All health club agreements shall:

(1) Be in writing;
(2) Be signed by the buyer;
(3) Designate the date on which the buyer actually signed the agreement;
and
(4) Contain in boldface type of at least ten (10) points, in immediate proximity to the space reserved for the signature of the buyer, the following statement:

**BUYER'S RIGHT TO CANCEL**

**YOU (THE BUYER) MAY CANCEL THIS AGREEMENT BY SENDING NOTICE OF YOUR WISH TO CANCEL TO THE HEALTH CLUB BEFORE MIDNIGHT OF THE THIRD DAY (EXCLUDING SATURDAYS, SUNDAYS, AND LEGAL HOLIDAYS) AFTER THE DAY YOU SIGNED THE AGREEMENT.  THIS NOTICE MUST BE SENT BY REGISTERED MAIL TO THE FOLLOWING ADDRESS:**

_____
_____
_____

**WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THE NOTICE OF CANCELLATION, THE HEALTH CLUB WILL RETURN ANY PAYMENTS MADE AND ANY NOTE EXECUTED BY YOU IN CONNECTION WITH THE AGREEMENT.**

(5)(A) Contain in boldface type of at least ten (10) points, the following statement:
***SHOULD YOU (THE BUYER) CHOOSE TO PAY THIS AGREEMENT IN FULL, BE AWARE THAT YOU ARE PAYING FOR FUTURE SERVICES AND MAY BE RISKING LOSS OF YOUR MONEY IN THE EVENT THIS HEALTH CLUB CEASES TO CONDUCT BUSINESS.***
(B) Contain in boldface type, the following statements in separated

paragraphs:

*(I) IN ADDITION TO ANY OTHER REMEDIES PROVIDED BY LAW, IN THE EVENT THIS HEALTH CLUB CEASES OPERATION AND FAILS TO OFFER YOU (THE BUYER) AN ALTERNATE LOCATION WITHIN FIFTEEN (15) MILES, WITH NO ADDITIONAL COST TO YOU, THEN NO FURTHER PAYMENTS SHALL BE DUE TO ANYONE, INCLUDING ANY PURCHASER OF ANY NOTE ASSOCIATED WITH OR CONTAINED IN THIS CONTRACT.*

*(ii) STATE LAW REQUIRES THAT HEALTH CLUB AGREEMENTS BE PAYABLE ONLY IN THE FOLLOWING MANNER, AND ANY HEALTH CLUB WITH ENTERS INTO HEALTH CLUB AGREEMENTS SHALL OFFER BOTH PAYMENT OPTIONS AT THE SAME PRICE, EXCLUDING INTEREST OR FINANCE CHARGES OR OTHER EQUIVALENT CHARGES WHICH SHALL NOT EXCEED EIGHTEEN PERCENT (18%) OF THE TOTAL CONTRACT PRICE:*

*(a) Full payment within ninety (90) days after entering into the health club agreement; or*

*(b) Equal monthly installments with any down payment (unless exempt as provided by law) limited to thirty percent (30%) of the total cost of the agreement. Prepayment is allowed at any time with full refund of unearned finance charges.*

*(iii) THIS CONTRACT DOES NOT CONTAIN ANY PAYMENTS OF ANY KIND, INCLUDING, BUT NOT LIMITED TO, ENROLLMENT FEES, MEMBERSHIP FEES, OR ANY OTHER DIRECT PAYMENTS TO THE HEALTH CLUB, OTHER THAN FULL PAYMENT FOR THE HEALTH CLUB AGREEMENT OR MONTHLY INSTALLMENT PAYMENTS WITH ANY DOWN PAYMENT (UNLESS EXEMPT AS PROVIDED BY LAW) LIMITED TO THIRTY PERCENT (30%) OF THE TOTAL COST OF THE AGREEMENT.*

*(iv) THERE ARE NO AUTOMATIC OR LIFETIME RENEWALS OF THE TERM INCIDENT TO THE TERM OF THIS CONTRACT. IF THE HEALTH CLUB PROVIDES FOR A RENEWAL OPTION, SUCH OPTION MUST BE AFFIRMATIVELY AGREED TO IN WRITING BY THE BUYER AT THE BEGINNING OF THE RENEWAL PERIOD. THE ANNUAL COST OF SUCH RENEWAL SHALL NOT BE LESS THAN THIRTY PERCENT (30%) OF THE ANNUALIZED COST OF THE BASE MEMBERSHIP CONTRACT OR SEVENTY-FIVE DOLLARS ($75.00), WHICHEVER IS GREATER, PAYMENT OF ANY RENEWAL SHALL BE MADE AS REQUIRED BY TENNESSEE CODE ANNOTATED, § 47-18-305(a)(5)(B)(ii).*

(b) A health club shall not enter or offer to enter into a health club agreement unless the health club is fully operational and available for use. The division may, upon application, certify that a health club is fully operational if substantially all of the promised equipment and services are available for use, and the health club has

made a diligent effort to provide the remaining equipment and services.

The provisions underlined in the foregoing statute are not contained in the contract plaintiff signed with defendant.

In an unreported case of *Floyd v. Club Systems of Tennessee, Inc.,* 1999 WL 820610 (Tenn. Ct. App. July 20, 1999). This Court considered whether the contract before it was unenforceable, pursuant to Tenn. Code Ann. §47-18-303, which renders such contracts unenforceable unless they conform with the provisions of Tenn. Code Ann. §47-18-301 *et seq.* The Court in *Floyd* said "We find that the substance in the statutory requirements is embodied in this contract, and that any minor distinction does not materially alter the meaning of the phrases to a reasonable reader. We therefore hold that this agreement does not 'fail to conform' to the provisions of the Code as contemplated by §47-18-303." Unlike the contract before the Court in *Floyd*, the contract in this case does not substantially comply with the regulatory requirements. Accordingly, we find the contract to be unenforceable, and vacate the judgment of the Trial Court and remand for further proceedings consistent with this opinion.

The cost of the appeal is assessed to defendant, Fortress Corporation.

_____
HERSCHEL PICKENS FRANKS, J.