# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### February 27, 2015 Session

## TERRY PRITCHETT v. COMAS MONTGOMERY REALTY & AUCTION COMPANY, INC. ET AL.

### Appeal from the Circuit Court for Rutherford County
### No. 63540        Robert E. Corlew, III, Judge

_____

### No. M2014-00583-COA-R3-CV – Filed April 15, 2015

_____

Plaintiff purchased a commercial building at auction. After determining that the building was smaller than represented in the auction advertisements, Plaintiff filed suit asserting a claim against the auction company for negligently misrepresenting the square footage of the building. Defendant admits the advertisement incorrectly stated the square footage but insists it is not liable because, prior to the auction, Plaintiff signed a "Terms of Sale" agreement stating that Plaintiff "shall rely entirely on [his] own inspection and information," and that "[e]verything will be sold 'AS IS, WHERE IS', with no guarantee of any kind, regardless of statement or condition made from the auctioneer," and the same terms were restated immediately prior to the commencement of bidding. Defendant further relies on the contract of sale, which included the "as is" clause and did not contain a representation concerning the square footage of the building. After engaging in discovery, Defendant filed a motion for summary judgment, arguing that Plaintiff could not have justifiably relied on the representations in light of the "as is" disclaimers he signed and heard, and that Plaintiff failed to establish the applicable standard of care. The trial court granted summary judgment for Defendant, which Plaintiff contends was error. We have determined that Plaintiff's agreement to rely entirely on his own inspection and information and to purchase the property on an "as is" basis negates any reliance on Defendant's representation, which is an essential element of a claim for negligent misrepresentation. Therefore, we affirm the grant of summary judgment in favor of Defendant.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Christina Duncan and J. Stanley Rogers, Manchester, Tennessee, for the appellant, Terry Pritchett.

Aaron S. Guin, Nashville, Tennessee, for the appellee, Comas Montgomery Realty & Auction Company, Inc.

G. Sumner Bouldin, Jr., Murfreesboro, Tennessee, for the appellee, BGS Limited, a Tennessee Limited Partnership.

**OPINION**

In March 2010, Comas Montgomery Realty & Auction Company, Inc. ("Defendant") conducted an auction of a commercial building on behalf of the property owner. Terry Pritchett ("Plaintiff") attended the auction due in part to advertisements circulated by Defendant, which stated that the building to be auctioned contained 11,556 square feet.[1]

On the day of the auction but prior to its commencement, Plaintiff signed a "Terms of Sale" form that stated "[e]verything will be sold 'AS IS, WHERE IS', with no guarantee of any kind, regardless of statement or condition made from the auctioneer. Buyer shall rely entirely on their own inspection and information." Additionally, immediately prior to the commencement of the auction, Defendant's auctioneer announced to those in attendance that "[y]our bids today are based solely upon your inspection. This real estate's being sold without physical warranty in as-is condition." After making this announcement the auction commenced.

At the conclusion of the auction Plaintiff was recognized as the successful bidder, and he signed the contract of sale. The contract states in pertinent part that the parties agreed "that this instrument contains the entire agreement between the parties and that acceptance herein notes that there are no oral or collateral conditions, agreements or representations, all such having been incorporated and resolved in this Contract." The contract additionally states "[b]uyer specifically acknowledges herein that the property is being purchased 'as is' and that neither the Seller nor [Defendant] makes any warranties or representations, express or implied, as to the habitability or condition of the real property contained herein." Furthermore, the contract of sale does not contain a representation concerning the dimensions of the building.

After acquiring the property, Plaintiff determined that the building comprised 9,353 square feet rather than 11,556 as advertised. As a consequence, Plaintiff commenced this action against Defendant alleging that it negligently misrepresented the

---

[1] Defendant relied upon a 2008 Retrospective Valuation Self-Contained Appraisal Report ("Appraisal Report") prepared by Crook & Company appraisers that erroneously listed the square footage at 11,556 in several sections of the Appraisal Report, although under a section identified as Property Assessment Data the square footage was listed as 9,603. Subsequently, the parties stipulated the actual square footage to be 9,353.

size of the building.[2] After conducting discovery and taking the deposition of Plaintiff's expert, Defendant filed a motion for summary judgment arguing: (1) expert testimony was required to establish the standard of care for auctioneers and that Plaintiff's expert failed to establish the standard of care; and (2) Plaintiff could not have relied on the representation of square feet because of the "as is" language he agreed to in the contract of sale, Terms of Sale form, and pre-auction announcement.

The trial court granted Defendant's motion for summary judgment on the ground that Plaintiff had not established the standard of care. This appeal followed.

## STANDARD OF REVIEW

This appeal arises from the grant of summary judgment. Summary judgments do not enjoy a presumption of correctness on appeal. *BellSouth Adver. & Publ'g Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003). The resolution of a motion for summary judgment is a matter of law, thus we review the trial court's judgment de novo with no presumption of correctness. *Id*. The appellate court makes a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997).

Summary judgment is appropriate when a party establishes that there is no genuine issue as to any material fact and that a judgment may be rendered as a matter of law. Tenn. R. Civ. P. 56.04; *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003). It is appropriate in virtually all civil cases that can be resolved on the basis of legal issues alone. *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Pendleton v. Mills*, 73 S.W.3d 115, 121 (Tenn. Ct. App. 2001). It is not appropriate when genuine disputes regarding material facts exist. *See Pendleton*, 73 S.W.3d at 121; Tenn. R. Civ. P. 56.04.

This case was filed after July 1, 2011; therefore, the summary judgment standard set forth in Tenn. Code Ann. § 20-16-101 applies. Pursuant to this statutory standard, in order to prevail in its motion, Defendant must submit affirmative evidence that negates an essential element of Plaintiff's claim or demonstrate to the court that Plaintiff's evidence is insufficient to establish an essential element of his claim. *See* Tenn. Code Ann. § 20-16-101.

## ANALYSIS

_____

[2] Plaintiff also asserted a claim of intentional misrepresentation against Defendant; however, he voluntarily dismissed this claim. Plaintiff sued another defendant, BGS, Ltd., the prior owner of the property that hired Defendant to conduct the auction, which claim remains with the trial court. The judgment dismissing Plaintiff's claims against Defendant was declared a final appealable judgment pursuant to Tenn. R. Civ. P. 54.02.

Plaintiff contends that the trial court erred in granting summary judgment because expert testimony is not required to establish the standard of care for auctioneers and genuine issues of material fact exist regarding possible violations of the rules and regulations governing auctioneers.

For its part, Defendant insists it was entitled to summary judgment on each of the two grounds it relied upon. Specifically, Defendant insists that the trial court correctly determined that Plaintiff failed to establish the applicable standard of care; however, Defendant also contends the trial court should have additionally ruled that Defendant negated the element of justifiable reliance by establishing without dispute that Plaintiff agreed to the written "Terms of Sale" prior to the auction which stated that "[e]verything will be sold 'AS IS, WHERE IS', with no guarantee of any kind, regardless of statement or condition made from the auctioneer. Buyer shall rely entirely on their own inspection and information," and agreed to the terms as announced by the auctioneer immediately prior to the commencement of the auction that the property was being sold "as is" and that all bidders must rely on their own inspections of the property.

For the reasons stated below, we affirm the summary dismissal of Plaintiff's claim upon different grounds than those stated by the trial court,[3] that Defendant negated the essential element of reliance due to the undisputed fact that Plaintiff agreed to rely entirely on his own inspection and information and that he was purchasing the building "'AS IS, WHERE IS', with no guarantee of any kind, regardless of statement or condition made from the auctioneer."

Negligent misrepresentation occurs when a plaintiff justifiably relies on faulty information supplied by a defendant who, acting in the course of her business, profession, or a transaction in which she has pecuniary interest, has failed to exercise reasonable care in obtaining or communicating that information. *See Robinson v. Omer*, 952 S.W.2d 423, 427 (Tenn. 1997); *see also* Restatement (Second) of Torts § 552 (1977). The essential elements of a claim for negligent misrepresentation are: (1) the defendant was acting in the course of its business or profession or in a transaction in which it had a pecuniary interest; (2) the defendant supplied faulty information meant to guide others in their business transactions; (3) the defendant failed to exercise reasonable care in obtaining or communicating the information; and (4) the plaintiff justifiably relied upon the information. *Robinson*, 952 S.W.2d at 427. To sustain a claim for negligent misrepresentation, the plaintiff must establish each of these elements by a preponderance of the evidence. *Id*. Therefore, Plaintiff cannot succeed on a negligent misrepresentation

---

[3] This court may affirm a judgment on different grounds than those relied on by the trial court when the trial court reached the correct result. *City of Brentwood v. Metro. Bd. of Zoning Appeals*, 149 S.W.3d 49, 60 n.18 (Tenn. Ct. App. 2004).

claim unless he can establish the essential element of reliance. *See McNeil v. Nofal*, 185 S.W.3d 402, 409 (Tenn. Ct. App. 2005).

Justifiable or reasonable reliance involves two different issues: whether the plaintiff actually relied on the misrepresentation and whether that reliance was reasonable. *See Edmondson v. Coates*, No. 01-A-01-9109-CH00324, 1992 WL 108717, at *2 n.1 (Tenn. Ct. App. May 22, 1992). The issue the parties have presented in this appeal is whether the exculpatory language in the Terms of Sale agreement and the oral terms announced immediately prior to the commencement of the auction negates Plaintiff's *actual* reliance.

Parties may agree to disclaim reliance on another's representations. *See Ingram v. Cendant Mobility Financial Corp.*, 215 S.W.3d 367, 371-72 (Tenn. Ct. App. 2006). In *Ingram*, the plaintiff purchased a home and signed a sale contract that stated "[n]either party has relied upon any statement or representations made by the other party or the sales representative bringing the parties together not contained [in this contract]." *Id.* This court enforced this provision as written and held that it negated the plaintiffs' contention that they relied on representations that the seller's representative had made. *Id.* at 372; *see Morgan Dev., LLC v. Morrow*, No. E2010-00610-COA-R3-CV, 2011 WL 662948, at *4 (Tenn. Ct. App. Feb. 23, 2011) (noting that signing a contract containing a disclaimer of a broker's obligation to verify certain characteristics of the property at issue implicitly admits that any reliance on representations about those characteristics was not justifiable).

Similarly, agreeing to accept real property "as is" may negate any reliance on representations about the condition of that property. *See Stafford v. Emberton*, No. M2008-02250-COA-R3-CV, 2009 WL 2960391, at *3 (Tenn. Ct. App. Sept. 15, 2009). In *Stafford*, the misrepresentation at issue involved the completion of certain repairs on the property. *Id.* at *1. Before purchasing the property, the plaintiffs signed an agreement stating that "[b]uyer agrees that they have carefully inspected the premises prior to signing this Agreement, and without reservation accept the Property as suitable and ready for use as their home, that all repairs or replacement have been completed to their satisfaction . . . ." *Id.* at *2. This court held that the plaintiffs had agreed to purchase the property "as is" and that doing so negated any reliance on the misrepresentation. *Id.* at *2-3.

Although Plaintiff voluntarily dismissed his claim that Defendant's conduct was intentional or grossly negligent,[4] Plaintiff contends that generic "as is" language is not

---

[4] Of course, disclaimers and exculpatory language will not protect a party from its intentional conduct or gross negligence. *See Adams v. Roark*, 686 S.W.2d 73, 75 (Tenn. 1985) (noting that the law of Tennessee does not favor contracting against liability for gross negligence). Such clauses are also invalid when they violate public policy. *Olson v. Molzen*, 558 S.W.2d 429, 432 (Tenn. 1977) (holding that an exculpatory contract signed by a patient as a condition of receiving medical treatment was invalid as

sufficient to negate his reliance on Defendant's statements. We are not persuaded by this argument. Although the disclaimer language in *Stafford* specifically addressed the issue of repairs on the property, this court did not base its decision on the specificity of the language the plaintiffs signed. *See id.* at \*2-3. Instead, we concluded that "the agreement by the [plaintiffs] to accept the property 'as is' defeats any *negligent* misrepresentation claims." *Id.* at \*3 (emphasis in original).

It is undisputed that the Terms of Sale agreement that Plaintiff signed prior to making a bid and the announcement that immediately preceded the auction clearly and unequivocally stated that the property was being sold "as is." It is also undisputed that the Terms of Sale and the announcement both established that *Plaintiff shall rely entirely on his own inspection and information*.

Conditions of a sale at auction that are announced at the auction are binding on the bidder. *Cunningham v. Lester*, 138 S.W.3d 877, 881 (Tenn. Ct. App. 2003); *Moore v. Berry*, 288 S.W.2d 465, 468 (Tenn. Ct. App. 1955). Therefore, since there is no claim that Defendant engaged in fraud, intentional misconduct, or gross negligence, we have concluded that Defendant successfully negated the essential element that Plaintiff relied on Defendant's misrepresentation that the building was 11,556 square feet. Because Defendant negated an essential element of Plaintiff's claim, Defendant is entitled to summary judgment. Accordingly, we affirm the summary dismissal of Plaintiff's claim on different grounds than those relied on by the trial court.[5]

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Plaintiff, Terry Pritchett.

_____
FRANK G. CLEMENT, JR., JUDGE

---

contrary to public policy); *Gross v. McKenna*, No. E2005-02488-COA-R3-CV, 2007 WL 3171155, at \*5 (Tenn. Ct. App. Oct. 30, 2007) (quoting *In re Sikes*, 184 B.R. 742, 746 (Bankr. M.D. Tenn. 1995)).

[5] Our ruling on this issue renders the other issues moot.