# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 16, 2019 Session

## SCOTT TRENT, ET AL. v. MOUNTAIN COMMERCE BANK, ET AL.

**Appeal from the Chancery Court for Hamblen County**
**No. 2017-CV-460     Jean A. Stanley, Judge[1]**

_____

### No. E2018-01874-COA-R3-CV
_____

In this action requesting declaratory relief, the appellants filed a petition seeking to reform a deed to add an additional grantor and requesting the Trial Court declare that the appellants hold all rights and interest to the property at issue. The Trial Court determined that no mutual mistake existed to support reformation of the original deed and denied the appellants' petition. The Trial Court also declined to declare the appellants to be the only parties holding any interest in the property. Discerning no error, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY, J., joined, and THOMAS R. FRIERSON, II, J., not participating.

William E. Phillips, Rogersville, Tennessee, for the appellants, Scott Trent; Ted C. Trent, Civis Bank; and William E. Phillips, as trustee.

Steven C. Huret, Kingsport, Tennessee, for the appellee, First Community Bank, N.A.

Edward J. Shultz, Knoxville, Tennessee, for the appellee, Mountain Commerce Bank.

---

[1] Sitting by Interchange

# OPINION

## Background

This appeal involves a piece of real property located along West First North Street in Morristown, Tennessee ("the Property"). Adren S. Greene and Pamela W. Greene obtained ownership of the Property as tenants by the entirety by warranty deed on December 6, 2007. On March 10, 2010, Adren S. Greene executed a quitclaim deed transferring his ownership interest of the Property to Real Estate Holdings of East Tennessee, L.P. ("Real Estate Holdings"). According to Adren S. Greene, he and Pamela Green were limited partners in Real Estate Holdings with Adren S. Greene's brother, Shannon Greene, being a general partner.

On January 30, 2012, the Hamblen County Chancery Court ("Trial Court") entered a judgment in favor of Mountain Commerce Bank ("Mountain Commerce") against Adren S. Greene, Pamela W. Greene, and Lochmere Development, Inc., jointly and severally, in the amount of $300,000.00 as of January 25, 2012, in addition to any post-judgment interest to accrue at the contract rate of 7.75 percent per anum. Mountain Commerce recorded the judgment against Adren S. Greene and Pamela W. Greene on October 22, 2013. In a separate action, the Washington County Circuit Court entered a judgment on August 3, 2012, in favor of First Community Bank, N.A. ("First Community") against Adren S. Greene, Pamela W. Greene, and Lochmere Development Phase IV, Inc., on two loans totaling $249,805.63, plus an award of post-judgment interest at the contract rate of 6.5 percent per anum and reasonable attorney's fees.[2] First Community recorded its judgment against Adren S. Greene and Pamela W. Greene on March 28, 2013.

On August 30, 2016, Real Estate Holdings executed a deed conveying its interest in the Property to Scott Trent and Ted C. Trent. On March 13, 2017, Adren S. Greene and Pamela W. Greene executed a "Quitclaim Deed of Correction," acknowledging that Pamela W. Greene's name was not included as a grantor on the original quitclaim deed to Real Estate Holdings. In this deed of correction, Adren S. Greene and Pamela W. Greene asserted that Pamela W. Greene's name was inadvertently omitted from the original deed and sought to "correct[] the aforesaid error and vest [Real Estate Holdings] with all right, title and interest of [Adren S. Greene and Pamela W. Greene] as of March 10, 2010." This deed was signed by both Adren S. Greene and Pamela W. Greene as grantors of the Property.

---

[2] According to the appellees' brief, First Community operates in Tennessee under the additional name, "People's Community Bank, a division of First Community Bank," which is the name included on its judgment against Adren S. Greene and Pamela W. Greene.

The underlying action was initiated when the petitioners, Scott Trent, Ted C. Trent, Civis Bank, and William E. Phillips, as trustee, (collectively, "Petitioners") filed a petition for declaratory relief in the Trial Court on September 8, 2017, seeking a declaration from the Trial Court that Scott Trent and Ted C. Trent are vested with "all right, title, and interest" in the Property and that interest is subject only to a deed of trust executed in order to secure a loan with Civis Bank. Petitioners further requested that the Trial Court declare that neither Mountain Commerce nor First Community "have any contingent future interest or lien upon [the Property] by virtue of the judgments" against Adren S. Greene and Pamela W. Greene. Petitioners' amended complaint specifically requested the Trial Court reform the March 10, 2010 deed to reflect both Adren S. Greene and Pamela W. Greene as grantors.

The Trial Court conducted a trial on September 10, 2018, wherein Adren S. Greene and Pamela W. Greene testified. During trial, Adren S. Greene and Pamela W. Greene testified that on March 10, 2010, they had executed deeds transferring several parcels of property to Real Estate Holdings and another entity they controlled. Both Adren S. Greene and Pamela W. Greene testified that they intended all their interest in the Property be transferred to Real Estate Holdings on March 10, 2010, and that they believed they had done so at the time. Adren S. Greene acknowledged that he was aware that foreclosure proceedings were imminent when he and his wife transferred ownership of the properties in March 2010. Adren S. Greene further testified that there was no sales contract for the Property at the time it was conveyed to Real Estate Holdings. Adren S. Greene explained that all the transferred property had been conveyed to Real Estate Holdings to satisfy a debt that he and his wife owed to Shannon Greene. According to Adren S. Greene and Pamela W. Greene, it was years after the deed was executed before they discovered Pamela W. Greene's name had been omitted from the deed.

The Trial Court entered its judgment on September 19, 2018, denying relief to Petitioners and dismissing with prejudice the petition for declaratory judgment. In its judgment, the Trial Court found and held as follows:

> After the receiving of documentary evidence, hearing the testimony of the witnesses, hearing the arguments of counsel, and after considering the record as a whole, the Court determined that even though it was the intent of Pamela W. Greene ("Mrs. Greene") to convey all of her interest in two land parcels located on West First North Street in Morristown, Hamblen County, Tennessee (the "Property") on March 10, 2010 to Real Estate Holdings of East Tennessee, LP, the Court held that it did not have the power under Tennessee law to add her as a grantor to the Quitclaim Deed dated March 10, 2010 wherein only Adren S. Greene ("Mr. Greene") conveyed all of his interest in the Property to Real Estate Holdings of East Tennessee, LP because there was no mutual mistake of the parties.

- 3 -

**ACCORDINGLY, IT IS ORDERED, ADJUDGED, AND DECREED** as follows:

1.  Petitioners' prayer that this court declare that all right, title, and interest in and to the Property is vested in two of the petitioners, Scott Trent and Ted C. Trent, subject only to the line of a deed of trust beneficially held for another petitioner, Civis Bank, is denied.

2.  Petitioners' prayer that this court declare that the respondents, Mountain Commerce Bank and First Community Bank, neither now nor in the future will have a contingent interest or lien upon the Property by virtue of their respective judgment liens is denied.

3.  Petitioners' prayer for this court to reform the Quitclaim Deed dated March 10, 2010 wherein Mr. Greene conveyed all of his interest as a tenant by the entirety in the Property to Real Estate Holdings of East Tennessee, LP, which is of record in the Hamblen County Register of Deeds' office in Book 1400, Page 421, to reflect the Quitclaim Deed of Correction dated March 13, 2017 wherein both Mr. Greene and Mrs. Greene conveyed all of their interests as tenants by the entirety in the Property to Real Estate Holdings of East Tennessee, LP, which is of record in the Hamblen County Register of Deeds' office in Book 1701, Page 397, is denied.

Petitioners timely appealed the Trial Court's judgment to this Court.

## Discussion

Although not stated exactly as such, Petitioners raise the following issue for our review on appeal: Whether the trial court erred by ruling that the original March 10, 2010 deed could not be reformed to add Pamela W. Greene as a grantor due to mutual mistake.

Our review is de novo upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Kelly v. Kelly*, 445 S.W.3d 685, 692 (Tenn. 2014). A trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Kelly v. Kelly*, 445 S.W.3d at 692.

Regarding reformation of deeds, this Court has stated:

"Reformation is an equitable doctrine by which courts may correct a mistake in a writing 'so that it fully and accurately reflects the agreement of the parties.'" *Lane v. Spriggs*, 71 S.W.3d 286, 289 (Tenn. Ct. App. 2001)

- 4 -

(quoting 22 Tenn. Jur. Rescission, Cancellation and Reformation § 46 (1999)). This Court has previously explained:

> A court of chancery in Tennessee has the power to reform and correct errors in deeds produced by fraud or mistake. To be the subject of reformation, a mistake in a deed must have been mutual or there must have been a unilateral mistake coupled with fraud by the other party, such that the deed does not embody the actual intention of the parties.

*Wallace v. Chase*, No. W1999-01987-COA-R3-CV, 2001 WL 394872, at *3 (Tenn. Ct. App. Apr. 17, 2001) (internal citations omitted). Indeed, we have described this principle as "well settled law in this state." *Bank of Am., Nat'l Ass'n v. Meyer*, No. M2014-01123-COA-R3-CV, 2015 WL 1275394, at *3 (Tenn. Ct. App. Mar. 17, 2015).

> Still, we have also held that reformation on the basis of mistake is only appropriate where the intent of both parties is clear and is the same. *Hunt v. Twisdale*, No. M2006-01870-COA-R3-CV, 2007 WL 2827051, at *8 (Tenn. Ct. App. Sept. 28, 2007). And, mistake must be shown by "clear, cogent, convincing evidence." *Lane*, 71 S.W.3d 289-90 (quoting *Dixon v. Manier*, 545 S.W.2d 948, 950 (Tenn. Ct. App. 1976)); *see also Sikora v. Vanderploeg*, 212 S.W.3d 277, 287 (Tenn. Ct. App. 2006) ("Because the law strongly favors the validity of written instruments, a person seeking to reform a written contract must do more than prove a mistake by a preponderance of the evidence. Instead, the evidence of mistake must be clear and convincing.").

*Sipes v. Sipes*, No. W2015-01329-COA-R3-CV, 2017 WL 417222, at *3-4 (Tenn. Ct. App. Jan. 31, 2017).

In the present case, both Adren S. Greene and Pamela W. Greene were owners of the Property at issue. On March 10, 2010, Adren S. Greene executed a deed conveying all his interest in the Property to Real Estate Holdings. Pamela W. Greene's name was not included in the body of the March 10, 2010 deed identifying her as a grantor, and the deed did not contain a signature line for Pamela W. Greene. Pamela W. Greene was not a party to the original deed executed on March 10, 2010.

Tennessee law allows reformation of a deed when the instrument does not "reflect the true intent of <u>the parties</u> (emphasis added)." *Holiday Hosp. Franchising, Inc. v. States Res., Inc.*, 232 S.W.3d 41, 51 (Tenn. Ct. App. 2006). The only parties to the original deed were Adren S. Greene and Real Estate Holdings. At the time the deed was executed, Adren S. Greene intended to transfer all of his interest in the Property to Real

Estate Holdings, and Real Estate Holdings intended to receive said interest. This is precisely what the March 10, 2010 deed accomplished. As such, there was no mutual mistake between the grantor and grantee of the March 10, 2010 deed. Even if Pamela W. Greene had intended to transfer her interest to Real Estate Holdings, Pamela W. Greene was not a party to the March 10, 2010 deed and cannot be added subsequently as a grantor based on her mistake. Because no mutual mistake existed between the parties to the deed, reformation of the deed is not permitted.

Additionally, Petitioners requested that the Trial Court declare that the Property was not encumbered by the judgments obtained by Mountain Commerce or First Community. On March 13, 2017, upon discovery that Pamela W. Greene's name was absent from the original quitclaim deed and that she had not conveyed her interest to Real Estate Holdings, Adren S. Greene and Pamela W. Greene executed a "Quitclaim Deed of Correction" asserting that her name was left off the deed as a grantor due to "inadvertence" and seeking to convey all of Adren S. Greene and Pamela W. Greene's interest in the Property to Real Estate Holdings effective March 10, 2010. However, prior to Pamela W. Greene's execution of a deed conveying her interest to Real Estate Holdings, Mountain Commerce and First Community each obtained separate judgments against Adren S. Greene and Pamela W. Greene in January 2012 and August 2012 respectively. Mountain Commerce recorded its judgment with the Register of Deeds on October 22, 2013, and First Community recorded its judgment on March 28, 2013. At the time Mountain Commerce and First Community obtained and recorded their judgments against Adren S. Greene and Pamela W. Greene, Pamela W. Greene had not executed any instrument conveying her interest in the Property. Therefore, Mountain Commerce and First Community acquired their interest in the Property prior to execution of the March 13, 2017 quitclaim deed conveying Pamela W. Greene's interest in the Property to Real Estate Holdings.

## Conclusion

The judgment of the Trial Court denying Petitioners' request for reformation of the deed and declaratory relief is hereby affirmed. This cause is remanded to the Trial Court for collection of the costs assessed below. The costs incurred on appeal are assessed against the appellants, Scott Trent; Ted C. Trent; Civis Bank; and William E. Phillips, as trustee, and their surety, if any.

_____
D. MICHAEL SWINEY
CHIEF JUDGE